MONSANTO CHEMICAL COMPANY *v.* ROBINSON.

5-830 290 S. W. 2d 6

Opinion delivered February 20, 1956.

[Rehearing denied June 4, 1956.]

*Gaughan, McClellan & Laney; Davis & Allen* and *Wallace Davis,* for appellant.

*John R. Thompson, W. S. Mitchell* and *Edward L. Wright,* for appellee.

GEORGE ROSE SMITH, J. This is a suit by the appellants to enjoin the members of the Public Service Commission from hearing an application for a rate increase that was filed by the Arkansas Louisiana Gas Company. The chancellor sustained a demurrer to the complaint and dismissed the suit. The only question is whether a cause of action is stated.

The complaint alleges that on March 14, 1955, the gas company filed with the Commission an application for an increase in its rates to industrial consumers. The new schedule proposed by the applicant may be described as consisting of two parts. First, there is the usual graduated scale of prices for gas, the rate decreasing as the purchaser's consumption increases. The plaintiffs concede that this basic rate schedule is legal in form. Sec-

ond, there are two escalator clauses which the plaintiffs challenge as being unauthorized by statute. The first clause provides that the basic rates will be increased by the amount of any additional taxes imposed upon the gas company after the new rates become effective. The second clause provides that the basic rates will be increased or decreased to reflect subsequent changes in the cost of gas purchased by the gas company.

The complaint states that on April 4, 1955, the gas company tendered a surety bond for the purpose of putting the new schedule into immediate effect. Ark. Stats. 1947, § 73-217. On April 11 these appellants, as industrial consumers, filed a motion asking the Commission to dismiss the application on the ground that the escalator clauses are illegal. That motion was overruled by the Commission, which issued an order permitting the new basic rates to be collected under bond but refusing to allow the escalator clauses to take effect until the further order of the Commission. Thereafter the appellants filed the present suit for injunctive relief.

The appellants' argument is to this effect: Our statutes do not contemplate the use of escalator provisions in connection with public utility rates. The incorporation of such provisions in the gas company's proposed rate schedule renders the entire schedule void. The Commission is not authorized to put only a part of a proposed schedule into immediate effect under bond. The Commission has therefore acted beyond its jurisdiction and should be enjoined.

We do not find this argument persuasive. The escalator clauses, whether valid or not, are by their nature inherently separable from the scale of fixed basic rates. Those clauses are completely dormant until there is some change in the gas company's tax liability or in its wholesale cost of gas. If such a change occurs the increase would be passed on, dollar for dollar, to the company's customers. But if no such change should occur for, say, five years, the basic rates would remain in force for that length of time. It is evident that the basic rates must

in themselves be fair and that their fairness is in no way dependent upon the contingent operation of the adjustment clauses.

The complaint concedes that the Commission did not allow the escalator clauses to be put into effect under bond; so the appellants have suffered no pecuniary injury from the provisions of which they complain. It is not denied that if the schedule of basic rates had been filed without the escalator clauses the Commission would have had the authority to put those rates in force under bond. It is not denied that if the appellants' motion to dismiss had been granted by the Commission the gas company could have immediately refiled the same schedule of basic rates and put it into effect under bond. Thus the appellants' only grievance lies in the fact that the escalator clauses are physically on file in the office of the Commission. Upon that fact alone rest the contentions that the Commission is without jurisdiction and that the appellants have suffered an irreparable injury calling for the extraordinary remedy of injunctive relief. It is a sufficient answer to point out that the appellants have a complete and adequate remedy at law. It is not suggested that the Commission's hearing upon the merits of the gas company's application does not afford the appellants ample opportunity to attack the legality of the escalator clauses. In our opinion that is the correct and appropriate forum for the determination of this controversy.

Affirmed.